```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHILPA CHICHRA,

                    Plaintiff,

     -against-                               ORDER
                                             12-CV-2471(JS)(WDW)
DEVKUMAR CHICHRA,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Terrence C. Scheurer, Esq.
                    One Old Country Road, Suite 125
                    Carle Place, NY 11514

For Defendants:     Devkumar Chichra, Pro Se
                    119-07 107th Avenue
                    South Richmond Hill, NY 11419
```

SEYBERT, District Judge:

Plaintiff Shilpa Chichra ("Plaintiff") commenced this action in New York State Supreme Court, Nassau County, in February 2011 against defendant Devkumar Chichra ("Defendant") seeking, inter alia, a judgment of divorce dissolving their marriage, maintenance, custody of their two children, and child support. On May 17, 2012, Defendant, acting pro se, removed this action to this Court. For the reasons that follow, the Court sua sponte remands this action for lack of subject matter jurisdiction.

## DISCUSSION

"Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." Lupo v. Human Affairs Int'l, Inc., 28 F.3d

269, 271 (2d Cir. 1994); see, also Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). Under 28 U.S.C. § 1447(c), a district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See, also Hickey v. Daniels, No. 06-CV-6838, 2007 WL 2028140, at *1 (E.D.N.Y. Jan. 26, 2007). "For the purposes of determining removal jurisdiction, a district court's assessment of whether a complaint raises a federal question is generally governed by the 'well-pleaded complaint rule,' which requires that the court consider only the allegations in the complaint, not the matters raised in defense by the defendant." Moscovitch v. Danbury Hasp., 25 F. Supp. 2d 74, 78 (D. Conn. 1998) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

Here, Defendant is seeking to remove an action for divorce. However, "[t]he United States Supreme Court (the 'Supreme Court') has long recognized that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Puletti v. Patel, No. 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (quoting In re Burrus, 136 U.S. 586, 593-94, 10 S. Ct. 850, 34 L. Ed. 500 (1890)). "So strong is [the federal court's] deference to state law in this area that [the Supreme

Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992)). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's divorce action.

## CONCLUSION

For the foregoing reasons, the Court sua sponte remands this action to New York State Supreme Court, Nassau County. The Clerk of the Court is directed to remand this action and to mail a copy of this Memorandum and Order to the pro se Defendant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May 29, 2012
         Central Islip, New York